Filed 3/7/24  P. v. Garcia CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B321825 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA036562) |
| v. | |
| ERNESTO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Sean D. Coen, Judge.  Reversed and remanded.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court in this case denied without prejudice a petition filed by Ernesto Garcia (defendant) for vacatur and resentencing of his attempted murder convictions (Pen. Code, §§ 187, subd. (a), 664, subd. (a))[1] on the grounds that the petition had "missing information" under section 1172.6, subdivision (b)(2), but neglected to specify what information was missing. This was error because defendant's petition was *not* missing any information. As a result, we reverse the denial of the petition and remand for the trial court to appoint counsel and to proceed in considering the petition. This conclusion obviates the need for us to decide, as a matter of statutory construction, whether trial courts must explain what information is missing from an incomplete petition.

## FACTS AND PROCEDURAL BACKGROUND

### I.    The Crime

Defendant and another person were in a vehicle when they fired gunshots into the victims' vehicle. The driver of the victims' vehicle was killed. Defendant was one of the people identified as having fired into the car.

### II.    The Conviction

In 1997, a jury convicted defendant of first degree murder (§ 187, subd. (a)) and two counts of attempted willful, deliberate,

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

premeditated murder (§§ 187, subd. (a), 664, subd. (a)). The jury also found true the firearm enhancements alleged under sections 12022.55 and 12022.5, subdivision (a). Defendant was sentenced to a term of 25 years to life in state prison for the murder count; the trial court also imposed consecutive sentences of life with the possibility of parole for the two attempted murder counts. The court imposed a six-year enhancement for each count, and imposed but stayed a four-year enhancement for each count. Later, pursuant to instructions from the appellate court, the trial court struck the enhancements pursuant to section 12022.55 and lifted the stay on the section 12022.5, subdivision (a), enhancements.

## III. The Petition for Resentencing

On April 5, 2022, defendant filed a petition for resentencing pursuant to former section 1170.95 challenging his convictions for "Attempted Murder."[2] The trial court denied the petition without prejudice on the ground that it was missing information, but did not specify what information was missing.

Defendant filed this timely appeal.

## DISCUSSION

In 2018, our Legislature amended the definition of the crime of murder to "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) A few years later, our Legislature amended the definition of the crime of attempted

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For simplicity, we refer to the section by its new numbering.

3

murder to preclude liability for that crime "under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2.)

These amendments operate not only prospectively, but also retroactively. Section 1172.6 is the "mechanism by which a person convicted of murder [or attempted murder] under a natural and probable consequences theory may be resentenced if they could no longer be convicted of murder [or attempted murder] because of the changes to section 188." (*People v. Vargas* (2022) 84 Cal.App.5th 943, 950-951.)

The first step in obtaining relief under section 1172.6 is for the petitioner to file a facially sufficient petition with the trial court. To be facially sufficient, a petition must "include" (1) "[a] declaration by the petitioner that [he] is eligible for relief under this section" because, as applicable here, (a) an "information . . . was filed against [him] that allowed the prosecution to proceed under a theory of . . . natural and probable consequences," (b) he "was convicted of . . . attempted murder . . . following a trial" or plea, and (c) he "could not presently be convicted of . . . attempted murder" under the amended definition of that crime; (2) "[t]he superior court case number and year of the petitioner's conviction"; and (3) "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subds. (b)(1) & (a).)

Where a petition is "missing" "required" "information" and where that information "cannot be readily ascertained" by the trial court, that court "may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1172.6, subd. (b)(2).)

Because it turns on statutory interpretation and the application of the law to undisputed facts, we independently

4

review a denial of a petition due to the absence of information. (*Sitrick Group, LLC v. Vivera Pharmaceuticals, Inc.* (2023) 89 Cal.App.5th 1059, 1064-1065.)

The trial court here erred in denying defendant's petition. On its face, defendant's petition alleges each piece of required information with one possible exception—the year of his attempted murder convictions. But that information was "readily ascertainable" by the court because it is part of the court record under the case number that defendant himself provided.

Curiously, defendant asserts in his response to this court's request for supplemental briefing that his own petition was missing information—namely, that the petition (1) challenged his convictions "'under a theory of Attempted Murder *and or* the natural probable consequences doctrine,'" rather than challenging his convictions "under a theory of 'attempted murder *under* the natural and probable consequences doctrine'" (italics in original); and (2) did not specify *which* of his two attempted murder convictions he was attacking. We do not see how defendant's use of "and or" rather than "under" renders his petition facially deficient. Nor do we read his petition as deficient because it does not specify *which* attempted murder conviction is invalid when the allegation in his petition that a now-invalid theory of criminal liability was used at his trial logically applies to both convictions, even if his typo-laden pro se petition only uses the singular when referring to his "conviction" for attempted murder.[3] The fact that defendant in his supplemental briefing asks us to construe his pro se petition parsimoniously rather than

_____

[3] We agree with the People that defendant's petition on its face does not challenge his murder conviction.

5

liberally is squarely at odds with the longstanding principle to the contrary. (*Haines v. Kerner* (1972) 404 U.S. 519, 520-521; *In re Serna* (1978) 76 Cal.App.3d 1010, 1017, fn. 3.) In any event, defendant can always amend or clarify on remand in the unlikely event that he wishes to assail only one of his two attempted murder convictions, but the petition as currently pled is not facially deficient.

As a result, the trial court erred in denying the petition without prejudice. The appropriate remedy is reversal and a remand for the trial court to appoint counsel and proceed in considering the petition. (§ 1172.6, subd. (b)(3).)

The parties' initial briefing focused entirely on whether the trial court erred in not disclosing what information was missing from defendant's petition, and went on to debate whether section 1172.6 obligates a trial court to spell out what is missing. Because we conclude that there was no information missing or not within the ready ascertainment of the trial court, we have no occasion to address that issue and leave it for another day.

**DISPOSITION**

The order denying the petition without prejudice is reversed, and the matter remanded for the appointment of counsel and the further consideration of defendant's section 1172.6 petition.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


I concur:



_____, P. J.
LUI

*People v. Garcia*, B321825
ASHMANN-GERST, J., Dissenting.

I respectfully dissent.

Defendant Ernesto Garcia's opening brief raised a single issue: Did the trial court err by not specifying what information was missing from the Penal Code section 1172.6 petition?[1] The answer to that narrow question is "no."

Section 1172.6, subdivision (b)(2), provides: "If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." That is exactly what the trial court did here. It exercised its discretion to deny defendant's petition without prejudice pursuant to section 1172.6, subdivision (b). Nothing in the statute required the trial court to specifically identify for defendant what information was missing, and defendant directs us to no legal authority to support his broad interpretation of the statute. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) While it may have been helpful for the trial court to do so (*People v. Redmond* (1969) 71 Cal.2d 745, 759), the statute does not mandate that it must do so. And courts cannot add or strike language in a statute to expand its application. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 ["Where the words of the statute are clear, we may not add to or alter them to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

accomplish a purpose that does not appear on the face of the statute or from its legislative history"].)

The majority, however, does not reach this issue. Instead, it sought supplemental briefing from the parties on the unbriefed issue of whether defendant's section 1172.6 petition was actually missing any information that was not readily ascertainable by the trial court.

In his supplemental brief, defendant concedes that his petition was missing such information. Whereas the majority rejects defendant's concession, I accept it. The petition failed to specify which of the two attempted murder counts defendant was challenging.[2] As defendant acknowledges, this is not information readily ascertainable by the trial court "without speculation."

Based on the foregoing, I would affirm the trial court's order denying defendant's section 1172.6 petition without prejudice.


_____, J.
ASHMANN-GERST

---

[2] The petition refers to defendant's attempted murder conviction in the singular.